FILED

99 MAR 10 PM 1:11

U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED

MAR 1 0 1999

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

SOUTHERN NATURAL GAS )
COMPANY, )
 )
    Plaintiff, )
 )
vs. ) CV 97-L-2927-S
 )
1.637 ACRES OF LAND )
LOCATED IN CULLMAN )
COUNTY, ALABAMA; )
VIOLET WILLINGHAM, et al., )
 )
RE: CULLMAN PARCEL )
  NO. 115 )

    Defendants.

## MEMORANDUM OPINION

I. Introduction

    Currently pending before this court are motions to reject or modify Report of Commissioners filed by plaintiff Southern Natural Gas Company ("Southern") and defendant Violet Willingham ("Defendant"). Under Rule 53(e)(2) of the Federal Rules of Civil Procedure, "the court after hearing may adopt the report or may modify it or may reject it in whole or in part." The following paragraphs contain the items that were discussed in oral argument, the parties' objections to the Report of Commissioners, as well as the court's

13

findings.

## II. Damages Awarded For The Permanent Easement ($5,240)

The Commissioners awarded $5,240 by deriving that the 1.637 acres taken for the permanent pipeline easement was worth $3,200 an acre. Although Defendant objects to valuing the property at $3,200 an acre, the court holds that the $3,200 amount per acre is not clearly erroneous and that the Commission's findings are approved and adopted as the findings of the court.

## III. Amount Awarded For Temporary Easement ($756)

The Commissioners recommended that $756 was appropriate compensation for the temporary construction easement. Neither party has objected to this award, and the Commission's findings are approved and adopted as the findings of the Court.

## IV.     Damage To The Remaining Property ($0)

The Commission recommended that landowners be awarded $10,000 for damage to the remainder of the property outside of the permanent easement. Southern objects to this award arguing that the award of $10,000 is not properly supported by any credible evidence before the Commission and is clearly erroneous. Defendant argues that the Commissioners' award of $10,000 fails to adequately compensate her for the damage to the remaining property. Defendant testified that the value of the property would be reduced between $35,000 and $40,000.

As cited in the Instructions to the Commissioners, when deciding what weight if any to give to opinion evidence, the Commission is to consider the "extent to which their opinions are based upon a thorough and careful analysis of the applicable facts and circumstances and are consistent with the legal principles involved, and the extent to which the reasons given for their opinions appear to be sound and reasonable." *(See pp. 8-9)* The defendant did not identify the type of damages to the remainder for which compensation was given, and she provided no market data to support her opinion.

There was testimony from defendant's son, Dan Willingham, that in his opinion, the highest and best use of the property would be to divide the land as a subdivision into 4-5 acre tracts. As stated in the Instructions to the Commissioners established by this court, when the Commission calculates "just compensation" for property uses:

> consideration should be given not only to the uses to which the property was being put on the date of taking, but also to any other more economically valuable uses for which, as of the date of taking (and but for the taking), the property was adaptable and needed (or likely to be needed in the reasonably near future) by other owners... It would not be proper to consider any alternative use unless the evidence shows that to have been (but for the taking) a probable use in the reasonably near future. *See pp. 10-11*

There was no testimony offered by defendant that the presence of the pipeline restricted any probable use of the property in the reasonably near future as of the date of the taking. Moreover, the court finds that there was no evidence to support a finding that the development of a sub-division was probable in the reasonably near future.

After considering all evidence, the Court finds that the $10,000 awarded for the

damage to the remainder of the property recommended in the Commissioner's report is clearly erroneous. Therefore, the court holds that the amount to be awarded for damages to the remaining property should be zero dollars ($0).

V.   Damages Awarded For The Loss Of Timber ($759)

The Commissioners awarded $759 for the loss of timber. Neither party has objected to this award, and the Commission's findings are approved and adopted as the findings of the court.

VI.   Conclusion

The Commissioners have recommended an award to the owners of the property in the above-described easement in the amount of $16,755. The court has decided to moderate such award from $16,755 to $6,755, pursuant to the provisions of F.R.C.P. Rule 53(e)(2). In the view of the foregoing discussion, a judgment will be entered in the amount of $6,755 as just compensation to the owners of Cullman Parcel 115 for the taking of the above-described easement.

DONE this 5th day of March, 1999.

_____
SENIOR JUDGE